OPINION of the Court, by
Judge Owsley.
This action was brought upon covenants of warranty against the claim or claims of all and every person contained in a deed of bargain and sale given by the defendant to the plaintiff. The declaration, after setting forth the covenant, assigns for breach, that the defendant his covenant has not kept and performed, but ken it in this that he hath not warranted and defended the aforesaid tract of land free and dear of the claim every person or persons whatever unto the plaintiff, but that a certain Edmond Singleton did, on the -day of- by the judgment of the late court of quarter sessions for the county of Fayette, recover of the plaintiff -acres, part of the tract of land aforesaid, wherefore the plaintiff saitb he hath sustained damage, &c. Covenants performed, were pleaded, and issue joined thereupon. Judgment was obtained by the defendant, from which this writ of error is prosecuted. As the plainuff in the court below is plaintiff in this court, it becomes necessaty to inquire into the sufficiency of his declaration ; for if his declaration is substantially defective, the judgment against him must be affirmed. In the case of Walton vs. Hele, 2 Saund. 178, it was held that in an action of covenant on a warranty of lands for years, the declaration should contain an averment that the person evicting had lawful title before or at the date of the grant to the plaintiff, and that the failure to make such an averment is error after verdict. The same doctrine is recognized in a note of the editor oí that book, in the same volume, page 181, a. u. 10 ; and one reason alleged for the necessity of the averment is, that it *118 Avill be intended that the title of the person entering is derived from the plaintiff, unless such an averment is contained in the declaration. We have not been able to find any case where a different rule has been held to apply in actions of covenant of warranty of freehold estates. Nor is any reason perceived vyhy a difference should exist. A covenant to warrant against ths claim of all persons whatever, can no more extend to the illegal and tortious acts of others in the one case than the other. Nor can an eviction by a person deriving title under the person to whom the warranty is made, in either case induce a breach of the covenant. To avoid the intendment, therefore, that the eviction was had under a claim derived from the plaintiff, and to shew clearly the breach assigned comes within the covenant, the declaration should contain an allegation that the person evicting had lawful title before or at the date of the grant to the plaintiff, or some other averment from which it would be evident the claim under which the eviction was had; is adverse aud superior to that granted the plaintiff. The declaration in this case not containing any such allegation or averment, is substantially defective. — —Judgment affirmed.